# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **Cassie Pointer and** | § | |
| **Darrell Thacker, individuals** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | CASE NO. _____ |
| | § | |
| **Verla Varnell Barrett, individually** | § | |
| **and d/b/a Big V Construction,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

### INTRODUCTION

1.      This is a representative action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 216(b), and a claim for retaliation.

### JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 201, et seq, 28 U.S.C. § 1331 and 1337, diversity jurisdiction and the doctrine of pendant jurisdiction.

### PARTIES

3.      Plaintiffs are residents of Briscoe County and Brown County, Texas, and, at times material worked for Big V Construction, at or from its facility in Quitaque, Briscoe County, Texas. They bring this action on behalf of themselves and as representative of similarly situated workers who file consents to join in this action. The acts, practices and events complained of occurred, at least in substantial part, in the Northern District of Texas, Amarillo Division.

4.      Defendant Verla Varnell Barrett, individually and d/b/a Big V Construction ("Barrett"), may be served by serving Verla Varnell Barrett, 314 Anderson St., Quitaque, Texas 79255, and is a engaged in the business of trimming trees, brush and the like from utilities highlines, climbing highline poles and or related services for commerce in the State of Texas. Barrett maintains its principal place of business in Quitaque, Texas. Barrett is personally liable for the acts of Big V because she controls said d/b/a and makes the day to day decisions about employees payroll matters and rates of pay.

FACTS

5.      Plaintiffs are or were employed by the Defendant Barrett at her facility in Quitaque, Texas, during the past three (3) years. Verla Varnell Barrett is the individual who controls Big V, and who controls the day to day operations and makes decisions about payroll matters and rates of pay concerning the employees of Big V.

6.      Barrett, as well as her agents, employees and representatives combined, conspired and acted through a concert of action to avoid paying overtime to its hourly employees and to retaliate against and punish those employees who complained about such treatment. It is believed the plaintiff, as well as others, including but not limited to the other non-exempt hourly workers, in the course of their employment with Barrett, and during existence of this continuing conspiracy, participated in the combination, concert of action and conspiracy, whichever, hereinafter alleged and are co-conspirators.

7.      During the time of Plaintiffs' employment Defendant, Barrett failed to pay Plaintiffs and others similarly situated, actual overtime for hours of work they performed in

excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA"). Barrett has told her employees that Big V does not pay overtime.

8.      The failure to pay plaintiff and others similarly situated their lawful overtime wages under the Fair Labor Standards Act included paying all overtime hours at the regular rate, and was paid as regular time, not time and a half as required by the FLSA. In the case of "storm time" Barrett was required to pay the employees "double time" but paid only time and one half. Barrett has contracted with utility companies to be reimbursed for double time for her workers during storm time but only pays her employees time and one half.

9.      Similarly situated individuals working in the production of goods or services for commerce at the Defendants' facility in Quitaque, Texas, and surrounding counties, were deprived of their lawful overtime wages under the Fair Labor Standards Act in the same manner as Plaintiffs. This action is also brought on behalf of those similarly situated workers.

10.     The Defendant's failure to pay Plaintiffs and similarly situated workers their lawful wages required by the Fair Labor Standards Act was willful. Despite her knowledge that time spent performing their daily activities for the benefit of Barrett, particularly those hours spent working over forty (40) hours per week, constituted work and is compensable time the Defendant failed and refused to pay overtime. The Defendant acting in concert with her employees at Barrett, have threatened to fire employees in retaliation whenever an employee complained or complains of the non-payment of proper overtime, and in at least one case has fired an employee who complained about Barrett's failure to properly pay overtime. The foregoing activities performed by the workers are compensable time under the FLSA. Defendant took no steps to compensate workers at or through its facility in the State of Texas for this time

and, on information and belief, took no steps to compensate workers at its facility or for work directed out of that facility, for this time in violation of the law.

Representative Action

11.     Plaintiffs bring action on behalf of themselves and all similarly situated employees of Big V Construction, wholly owned by Burnett. Plaintiffs request that notice be issued to those employees informing them of their right to file consents to join in this action.

CAUSES OF ACTION

COUNT I
FLSA

Cassie Pointer and Darrell Thacker, for their Count I of this Complaint, inclusive of the foregoing, alleges and states:

12.     Plaintiffs and similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act for damages, unpaid wages, reasonable attorneys fees and costs.

COUNT II
Tort of Retaliation for Complaining About
Overtime and Working Conditions

In addition to the foregoing and as Count II of this Complaint, Plaintiffs reallege herein as though repeated in full each allegation contained in paragraphs 1 through 13, inclusive and, further, Plaintiffs allege and state:

13.     This Court has jurisdiction of Count II under Section 215(a)(3) of Title 29 U.S.C. and Section 1332 U.S.C. (28 U.S.C.A., Section 1332) and the principles of pendant jurisdiction. The matter in controversy exceed the sum of $75,000.00, it is believed, exclusive of interest and cost.

14.    In 2009 it is believed Barrett fired at least one worker, Cassie Pointer, for complaining about working conditions and the company's refusal to pay overtime and it is believed, has retaliated against others for doing the same.

15.    Big V, at the direction of Barrett and acting through its management regularly discriminate against employees by placing them in unfavorable positions at work as a means of punishment for complaining about unpaid overtime, among other working condition complaints. This behavior by the Defendant violates the FLSA.

16.    Plaintiffs have been damaged as a result, both actual and punitive damages, reasonable attorney fees and cost for which he herein sues.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court:

a.    Issue notice to all similarly situated employees of Barrett d/b/a Big V informing them of their right to file consents to join in this action;

b.    Declare that Plaintiffs and similarly situated workers who file consents to join this suit are entitled to pay for all of their FLSA-defined hours of work, including all hours worked over 40 hours in one week, working storm time.

c.    Awarding Plaintiffs and similarly situated workers who file consents to join in this suit, their unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime for all hours of work in excess of 40 hours per week, an equal amount of liquidated damages, attorneys fees and costs of suit and such other relief as this Court deems just and proper.

d.    Award Plaintiffs and similarly situated workers who file consents damages and costs for retaliation and outrageous conduct.

e.    Damages and attorney fees for causes under pendant jurisdiction as pled.

f.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Mark W. Laney, SBN 11892500
LANEY & MYATT LAW FIRM
600 Ash Street
Plainview, TX 79072-8093
806-293-2618 - Telephone
806-293-8802 - Facsimile
          and
LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

Philip R. Russ Bar No. 17406000

## JURY DEMAND

Plaintiffs herewith demand a trial by jury.

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Cassie Pointer and Darrell Thacker, individuals

**DEFENDANTS**

Verla Varnell Barrett d/b/a Big V Construction

**(b)** County of Residence of First Listed Plaintiff  Briscoe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Philip R. Russ. 2700 S. Western St.. Suite 1200.
Amarillo, TX 79109  (806) 358-9293

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C., Sec. 201, et seq

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 50,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions:) JUDGE _____ DOCKET NUMBER _____

DATE 4/1/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____