IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
AMARILLO DIVISION

| | | |
|---|---|---|
| Cassie Pointer and<br>Darrell Thacker, individuals | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| vs. | §<br>§ | CASE NO. 2:09-CV-83-J |
| Verla Varnell Barrett, individually<br>and d/b/a Big V Construction, | §<br>§<br>§ | |
| Defendant. | §<br>§ | JURY TRIAL DEMANDED |

**MOTION FOR ORDER AUTHORIZING
NOTICE TO POTENTIAL PLAINTIFFS SIMILARLY SITUATED
PURSUANT TO 29 U.S.C. § 216(b)**

COME NOW Cassie Pointer and Darrell Thacker, Plaintiffs in the above entitled and numbered causes of action, and move this Court to Order the Defendant Verla Varnell Barrett, individually and d/b/a Big V Construction ("Defendant"), to produce the names, addresses and/or last known addresses, telephone numbers and social security numbers of all employees at all of the Defendants' facilities from the time period of April 1, 2006, to the date of the Order and for an Order authorizing the form and content of a "Notice and Consent-To-Join Suit" forms to be sent to employees who have not joined the instant action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), and would show this Court the following:

**I.**

1.01   Plaintiffs filed the instant action on the 1st day of April, 2009, by filing a "Plaintiffs' Original Complaint." To date four (4) other individuals have filed consents to be party-plaintiffs to this representative action. Plaintiffs bring this action on behalf of themselves and all other similarly situated non-exempt hourly employees of the Defendant. Plaintiffs requested in the

Complaint that notice be issued to these employees informing them of their right to file consents to join in this action of whom there are seven (7) employees at any one time similarly situated and likely less than seventy-five (75) in the total class, it is believed.

1.02   The Plaintiffs were forced to work overtime for Defendant for which time they did not get paid actual overtime pay in that all overtime hours were paid at the regular rate, and was paid as regular time, not time and a half as required by the FLSA. In the case of "storm time" Barrett was required to pay the employees "double time" but paid only time and one half.

## II.

2.01   Plaintiffs move the Court to compel Defendant to produce a list of names and addresses and/or last known addresses, telephone numbers and the social security numbers of the affected employees in question. Plaintiffs further move the Court to order that a "Notice to Potential Plaintiffs Similarly Situated" be sent to all potential plaintiffs in a form approved by the Court. A suggested form is attached to the Appendix as Exhibit "B" or another form substantially similar along with the proposed "Consent Form."

2.02   Plaintiffs would show this Court that since 29 U.S.C. § 216(b) is an "opt in" type representative action that unless notified, other Plaintiffs would not be aware of valuable rights that may be forever lost.

2.03   In support of this motion, Plaintiffs refer the Court to:

1. Original Complaint in this action attached in the Appendix as Exhibit "A";

2. Notice of Fair Labor Standards Act Lawsuit and Consent Form attached in the Appendix as Exhibit "B";

3. Declaration of Cassie Pointer attached in the Appendix as Exhibit "C";

4. Declaration of Darrell Thacker attached in the Appendix as Exhibit "D";

5. Order Authorizing FLSA Notice issued in *Valverde v. Monfort*, (N.D. Tex. August 8, 2000) attached in the Appendix as Exhibit "E";

6. Notice and Order Authorizing FLSA Notice issued in *Anderson, et al. v. Pilgrim's Pride Corporation*, (E.D. Tex. June 29, 1998) attached in the Appendix as Exhibit "F";

7. Revised Notice and Amended Order Authorizing FLSA Notice issued in *Baldridge, et al. v. SBC Communications, Inc., et al*, (N.D. Tex. October 15, 2004) attached in the Appendix as Exhibit "G";

8. Notice and Order Authorizing FLSA issued in *Sellers v. Hobbs Earth Moving Co., Inc., et al.* (N.E. Tex. May 23, 2008), attached as Exhibit "H";

9. Notice and Order Authorizing FLSA issued in *Proctor, et al v. Allsup's Convenience Stores, Inc., et al.* (N.D. Tex. April 18, 2007); attached as Exhibit "I";

10. Recent Supreme Court case of *Alvarez v. IBP*, 546 U.S. 21 (2005) attached in the Appendix as Exhibit "J";

11. Published decision in *Belcher v. Shoney's, Inc.*, 30 F. Supp.2d 1010 (M.D. Tenn. 1998), a FLSA action successfully prosecuted against Shoney's, Inc., involving the same type of work time at issue in this case (work done outside of the "scheduled shift and misclassification of several managers and assistant managers at employee's restaurants) see copy attached in the Appendix as Exhibit "K";

12. *Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721 (5th Cir. 1961). See attached copy in the Appendix as Exhibit "L";

   i) Activities of truck drivers (servicing truck, waiting in line, cleaning and refueling of trucks) were an integral part of the job and so indispensable to main job of truck drivers . . . as to be outside Portal-to-Portal Act.

   ii) Employer which failed to keep required records was in no position to complain of uncertainty of evidence on which it was sought to base claims against it under FLSA.

        iii)     Estimates and opinions of amount owed are permissible. Only necessary employees prove the preformed work for which they were improperly compensated and adduce sufficient evidence to show amount and effort of that work as a matter of just and reasonable inference, and burden shifts to employer to come forward with evidence as to precise amount of work performed or with evidence as to reasonableness of inference to be drawn from evidence adduced on behalf of employees, and if employer fails to produce such evidence, court can then award damages, even though results are only approximate.

13.    *Reich v. IBP, Inc.*, 38 F.3d 1123 (10th Cir. 1994). See attached copy in the Appendix as Exhibit "M";

      i)     Donning, doffing and cleaning special safety equipment needed by knife wielding workers required physical exertion, time and concentration to put on securely and properly-hence compensable.

      ii)     "Good Faith" defense does not apply if not relied on written opinion issued by Administrator of Wage and Hour Division.

      iii)     Reasonable time not actual time is the appropriate measure in the case.

14.    *Saunders v. Morrell & Co.*, 1992 WL 531674 (N.D. Iowa). See attached copy in the Appendix as Exhibit "N";

      i)     Plaintiffs required to clean safety equipment every day as part of their assigned duties; failure to clean is sanctionable.

      ii)     An employer may not arbitrarily fail to count as hours worked on any part, however small, of the employee's fixed or regular time or practically ascertainable period of time he is regularly required to spend on duties assigned to him. Plaintiffs claims not de minimus.

      iii)     Citing case which held on ($1.00) Dollar per week is not enough to invoke de minimus doctrine.

15.    *Metzler v. IBP, Inc.*, 1997 WL 634172 (10th Cir. Kan.). See attached copy in the Appendix as Exhibit "O";

      i)     Compensable times found by trial court to don and doff approved.

      ii)    Time needed to walk to exchange dull knives for sharp knives, donning and doffing and cleaning specialized protective gear and time needed to walk to these activities ruled compensable.

      iii)   IBP's study contemplated <u>unrealistic</u> plant conditions.

      iv)   "De Minimus rule" applied only where there are uncertain and indefinite periods of time involved of a <u>few seconds or minutes duration</u>, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employees fixed or regular working time or practically ascertainable working period of time he is regularly required to spend on duties assigned to him.

      v)    When employer has failed to record compensable time and the employees have proved that they actually performed the work in question, the plaintiffs need only produce evidence sufficient to support reasonable inference of the amount and extent of that work. Burden then shifts to employer- employer can not complain damages lack exactness.

16.    Order authorizing notice in MDL FLSA case styled *Antee v. Pilgrim's Pride Chicken*, Cause No. 1:07-CV-1832; U.S.D.C., W.D. of Arkansas, signed by Judge Harry Barnes on the 13th day of March, 2008, Exhibit "P" hereto.

All exhibits adopted herein by reference in a separate exhibit volume.

2.04    As grounds for this motion, Plaintiff refer the Court to their brief in support filed herein.

2.05    The undersigned has conferred with counsel for Defendant who indicated that Defendant is opposed to this motion.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs move this Court to compel Defendant to produce a list of all potential plaintiffs along with their addresses, last known

addresses, social security numbers and further to order that Notice of this suit along with the party's right to "opt-in" the representative class be sent to all and for such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          Mark W. Laney, SBN 11892500
          LANEY & MYATT LAW FIRM
          600 Ash Street
          Plainview, TX 79072-8093
          806-293-2618 - Telephone
          806-293-8802 - Facsimile
               and
          LAW OFFICES OF PHILIP R. RUSS
          2700 S. Western, Suite 1200
          Amarillo, Texas 79109
          (806) 358-9293 - Telephone
          (806) 358-9296 - Facsimile

          By: _____
              Philip R. Russ, SBN 17406000

          Attorneys for Plaintiffs

## CERTIFICATE OF CONFERENCE

I certify that on the ___ day of May, 2009, Philip R. Russ attorney for Plaintiffs, contacted Kelly Utsinger, counsel for Defendant, and ___ ~~was unavailable/~~did not agree with this motion.

_____
Philip R. Russ

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2009, I electronically filed the foregoing "Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)" with the Clerk of the Court for the Northern District of Texas, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

Kelly Utsinger, Esq.
Underwood Wilson, Berry,
    Stein & Johnson, P.C.
500 S. Taylor, Suite 1200
Amarillo, Texas 79101

Ann Manning, Esq.
Underwood Wilson, Berry,
    Stein & Johnson, P.C.
1111 West Loop 289
Lubbock, Texas 79416-5029

_____
Philip R. Russ