

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CASSIE POINTER and DARRELL THACKER, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | NO. 2:09-CV-083-J |
| VERLA VARNELL BARRETT, INDIVIDUALLY and d/b/a BIG V CONSTRUCTION, | § § § § § | |
| Defendants. | § § | |

## ORDER AUTHORIZING NOTICE PURSUANT TO 29 U.S.C. § 216(B)

On May 29, 2009, Plaintiffs filed a *Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. §216(b)*. Although the Certificate of Conference indicates that this motion is opposed, the Defendant did not timely file a response. Plaintiffs' motion is GRANTED as follows.

### Notice to Similarly Situated Employees

When a suit is brought asserting FLSA claims by a party in a representative capacity, the decision to allow notice to potential plaintiffs of their rights to opt-in to the lawsuit is within the discretion of the district court. *Harris v. FFE Transp. Servs., Inc.*, 2006 U.S. Dist. LEXIS 51437 (N.D. Tex. May 21, 2006), *5-6, *citing Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 U.S. Dist. LEXIS 9099, *1 (N.D. Tex.). This notice is not mandatory. *Id.* at *6, *citing Hall v. Burk*, 2002 U.S. Dist. LEXIS 4163, *2 (N.D. Tex. Mar. 11, 2002) (*citing Camper, et al. v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)).

In determining if notice is appropriate in any given case, the Court uses a two-stage approach first utilized in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (N.D.J. 1987). *Id.* In the first stage, the Court decides if the plaintiff has provided enough evidence of the existence of similarly situated plaintiffs. *Id., citing Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). Evidence at this first stage is usually minimal, and courts therefore apply a lenient standard. *Id., citing Mooney*, 54 F.3d at 1212. If certification is appropriate, the court conditionally certifies the class. *Id.* Courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n.8.

This first stage of the analysis involves such a lenient standard that at the "outer bounds of what should be presented to the Court" is a "sufficiently state[d] claim against Defendant as to all nonexempt, hourly paid [employees] who were allegedly" required to work off the clock. *Neagley v. Atascosa County EMS*, 2005 U.S. Dist. LEXIS 230, *9-10 (W.D. Tex. Jan. 7, 2005). Such a claim can be made even without affidavits giving the names of potential plaintiffs. *Id.* at *9.

In this case, the two named plaintiffs have submitted declarations. Cassie Pointer and Darrell Thacker both describe uncompensated work they performed. Pointer goes further, stating "I did the payroll checks for the hourly employees of Barrett about 95% of the time that I worked for her. I am, therefore, aware of who was paid what. Each crew member of each crew would work basically the same hours each week. Every week I did the paychecks, the employees had all worked over forty (40) per week, but no one was ever paid an overtime rate and they were always paid their regularly hourly rate for the

overtime hours they worked." This evidence is sufficient under the lenient standard used at this phase of the litigation. Accordingly, the Plaintiffs' motion for notice to similarly situated non-exempt hourly employees is granted.

## Conclusion

Plaintiffs' motion for order authorizing notice to potential plaintiffs is GRANTED. It is hereby ordered that, on or before August 28, 2009, Defendants shall provide Plaintiffs' counsel with the names, addresses or last known addresses, and telephone numbers (not social security numbers) of all hourly employees who have worked at Defendants' facilities from April 1, 2006 to the date of this Order. This Court also authorizes that the forms entitled "Notice of Fair Labor Standards Act Lawsuit" and "Consent to Join," filed as Exhibit B, be sent to these employees. Notices shall be mailed no later than September 18, 2009.

IT IS SO ORDERED.

Signed this 16th day of July, 2009.

**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE